EGBERT D. and SANDY S. HARRISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket No. 28528-89
United States Tax Court
T.C. Memo 1990-458; 1990 Tax Ct. Memo LEXIS 503; 60 T.C.M. (CCH) 597; T.C.M. (RIA) 90458; August 27, 1990, Filed *503 Stephen D. Willey, for the petitioners. James F. Prothro, for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION This case is before the Court on petitioners' motion to vacate our order of dismissal for lack of jurisdiction on the ground that the petition was not timely filed. The order was entered on February 14, 1990, after petitioners inadvertently failed to file an objection to respondent's motion to dismiss. Petitioners' motion was filed within 30 days of the entry of our order, and we are satisfied that the circumstances warrant consideration of its merits. See . The facts surrounding the mailing of the petition and its receipt by the Court are a bit unusual. The envelope in which the petition was mailed bears a private-meter postmark of December 7, 1989. The petition itself bears the stamp of this Court indicating that it was filed on November 30, 1989. The secretary of petitioners' attorney testified that she mailed the petition in the envelope by certified mail on November 27, 1989, at a United States Post Office in Arlington, Texas, and that she asked *504 the postal clerk to stamp the date on the certified mail receipt (which was submitted in evidence) but he refused to comply with her request. She also testified that she had used a private postage meter machine in an office adjacent to the office of petitioners' attorney and that she did not set the meter or otherwise pay any attention to the date it produced. We recognize the rule that the courts will not look behind a legible postmark whether it be one affixed by a United States Post Office or by a private-meter machine. . However, in none of the cases applying this rule has the alleged error of the postmark been apparent on the face of the filed documents. Such is the case herein because it is obvious, without further inquiry, that an envelope postmarked on December 7, 1989, could not have been received by the addressee and the contents filed a week earlier on November 30, 1989. We think that, under these circumstances, the private-meter postmark should be treated as a nullity with the result that the envelope should be deemed to have no postmark and evidence as to the actual facts of mailing can be taken into account. *505 . Compare , revg. , refusing to apply the general rule that the courts will not look behind a deficiency notice and holding invalid a deficiency notice which showed its invalidity on its face, and , limiting Scar to those circumstances. See also , and . The cases relied upon by respondent are not in point. In , affg. an unpublished order of this Court, there was an untimely postmark, and there was no overt indication that it was erroneous. , was decided before , when the rule was that evidence of mailing could not be considered even when there was no postmark. We also note the rule that reliance on certified mail requires a stamped United States Post Office receipt *506 showing the date of mailing. , affg. a Memorandum Opinion of this Court. See also . However, our decision herein does not rest upon petitioners' use of certified mail but rather on the rule of , relating to proof of mailing when there is no postmark. We are satisfied that the petition was mailed on November 27, 1989, the 90th day after the mailing of the deficiency notice. The lapse of 3 days between that date and the November 30, 1989, date when the petition was stamped filed is not a lapse of time which would cause us to doubt the November 27 mailing date. See ; . In this connection, it is interesting to note that the notice of filing of the petition was received by petitioners' attorney on December 8, 1989, 8 days after it was filed and presumably mailed to him by this Court. We hold that the petition herein was timely filed. Petitioners' motion to vacate our order of dismissal *507 will be granted, and the case restored to the general docket for trial in due course. An appropriate order will be issued.